OPINION oí the G ".ret, by
Ch. J. BovtE.
This was an action opon a Ghcriif's Ik'H'L Hie case, as stated in the declaration, is in substance this : that Caldwell sued out of the desk’s office of the Mercer circuit court, a fieri facias against the estate of Palmer, and put it into the hands of the sheriff, who returned it “ ex-ocuted upon four hundred acres of land lying oil Chaplin, but not time to sell,” that Caldwell thereupon sued out a venditioni exponas, upon which Palmer replevied the debt, and the sheriff made his return accordingly; and that afterwards the Mercer circuit court, on the motion of Palmer, quashed the fieri facias and all the subsequent proceedings thereon, for the illegal and erroneous return of the sheriff. It is moreover averred, that Palmer had no title to the land ; that he was, when the fieri facias was in the hands of the sheriff, possessed of personal estate sufficient to satisfy the debt, upon which the sheriff was bound by law to have levied the execution before the land was liable to betaken ; and that at the time the fieri facias and the proceedings thereon were quashed, Palmer had become insolvent, and has continued ta be so ever since, whereby Caldwell has lost his debt.
The main question is, whether these facts render the sheriff liable to an action on his bond ?
It is clear that the sheriff cannot be bound by the judgment quashing the execution. He was neither party nor privy to the record, and it would be as repugnant to the dictates of natural justice, as to the fundamental principles of the jurisprudence of this' country, that any one’s rights should be bound, or in any manner prejudiced by a judgment in a case to which he was no party, and in which he had no opportunity of being heard. So far as the fact that such a judgment had been given might be material, the record of it would be evidence against the sheriff; but he cannot be concluded, either as to the law or the ■ facts upon which it purports to be predicated. This point was settled in the case of Lewis vs. Knox, (ante 453.)
It becomes material therefore, to inquire whether the sheriff was guilty of such misconduct, as to justify *542 the judgment quashing the fieri facias, and the subs< - quent proceedings thereon. That judgment purports ■: ■ be founded upon the defect or illegality of the sherifl . return. It appears from the facts alleged in the declaration, that the defect or illegality of the sheriff’s return, is attempted to be inferred from Palmer’s having no title to the land, or that he was possessed of personal estate upon which the fierifacias ought first to have been levied, or if he were not, that the sheriff ought so to have stated the fact in his return to justify his taking the land. It might well be doubted whether these premises, or any of them, would authorise the inference attempted to be deduced from them. The better opinion seems to be, that they would not. But be that as it may, the result will be the same in the present case.
It is clear that after the execution of the replevin bond, Palmer could have no right to contest the propriety of the seizure of the property under the fieri far ciax, or to question the correctness of thy sheriff’s return. Whether there had been any property taken or not, or if any, whether it consisted of real or personal estate, or belonged to Palmer or another, were then matters of the utmost indifference. No state of the fact could operate to his prejudice. But in truth, the replevin bond is not only a virtual waiver of objections to defects if they exist in these respects, but operates as an absolute estoppel to make such objections.
The motion made by Palmer to quash the fieri facias and the subsequent proceedings thereon, ought not therefore to have been sustained, and the sheriff cannot legally be made responsible to Caldwell, for the los% which resulted to him from the judgment in that case..
Judgment reversed, 8s c.